PEARSON, MJ.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EDDIE PARKS, JR., | CASE NO. 1:07CV3388 |
| Petitioner, | JUDGE CHRISTOPHER A. BOYKO |
| v. | |
| | MAGISTRATE JUDGE |
| STUART HUDSON, Warden, | BENITA Y. PEARSON |
| Respondent. | **REPORT AND RECOMMENDATION** |

## I.  Introduction

Eddie Parks, Jr. is incarcerated at the Richland Correctional Institution having been

convicted of murder.[1]  Parks seeks a writ of habeas corpus pursuant to Title 28 U.S.C. § 2254

and has filed a second motion to amend his petition.[2]  ECF Nos. 1 & 19.  Warden Hudson has

moved to dismiss the petition as time-barred and objected to Park's motion to amend his petition.

---

[1]  *See* http://www.drc.ohio.gov/ (website of the Ohio Department of Rehabilitation
and Correction for current status of and basis for Parks's incarceration).

[2]  As explained below, Parks has already been permitted to amend his original petition
by adding the current third ground for relief.  ECF Nos. 7 & 8.  Pending, is his second
motion to amend whereby he seeks to, ultimately, replace the second and third grounds
for relief with two different grounds.

(1:07CV3388)

ECF Nos. 13 & 21.

Parks contends that he is entitled to the writ because the State trial court failed to properly advise him of his Constitutional rights at his sentencing hearing and that the trial court abused its discretion when it failed to hold an evidentiary hearing on his State application for post-conviction relief.  ECF No. 1 at 2-3; ECF No. 7 at 2.  Respondent acknowledges having custody of Parks as a result of his conviction and asserts that Grounds One and Two of Parks' Petition should be dismissed as time-barred and that Ground Three is non-cognizable.  ECF No. 13 at 1, 7.  In his response, Parks fails to address Respondent's argument that his Petition is time-barred and that Ground Three is non-cognizable.  ECF No. 22.  Parks argues that his Constitutional rights were violated and thus, the Court should grant his Petition.  ECF No. 22.

For the reasons that follow, the Magistrate Judge recommends that Grounds One and Two of Parks' habeas corpus petition be dismissed as time-barred, that Ground Three dismissed as non-cognizable, and the second motion to amend be denied as moot.

## II.  Factual and Procedural History

### A.  Underlying Offenses, Plea, and Sentencing

The Ohio appellate court that reviewed Parks' case on delayed direct appeal provided the underlying facts:[3]

---

[3]  Facts found by the State appeals court on its review of the trial record are presumed correct by a federal habeas court.  *Brumley v. Wingard*, 269 F.3d 629, 637 (6th Cir. 2001).

(1:07CV3388)

> Having reviewed the record and pertinent law, we affirm Parks' conviction.  The apposite facts follow.
>
> The Cuyahoga County Grand Jury indicted Parks on one count of aggravated murder, with a firearm specification charge.  The indictment alleged that Parks shot a man in the parking lot of Joe D's Bar located on 13411 Miles Avenue.
>
> Parks originally entered a not guilty plea, but later entered a plea to the lesser offense of murder with a three-year gun specification.  The trial court sentenced Parks to a term of fifteen years to life, plus three years for the firearm specification.

ECF No. 13, Ex. 9 at 2.  The Clerk of Courts journalized Parks' sentence on August 10, 2004.

ECF No. 13, Exs. 2, 3 at 9.

### B.  Delayed Appeal

On April 27, 2005, Parks filed a *pro se* notice of appeal and motion for delayed appeal in the Cuyahoga County Court of Appeals.[4]  ECF. No. 13, Exs. 3, 4.   The appeals court granted his motion.  ECF No. 13, Ex. 5.   Through counsel, Parks asserted two issues:

> 1)  The trial court erred by failing to determine that appellant/defendant understood that he was waiving each and every constitutional right prior to accepting appellant's plea, in violation of Ohio Criminal Rule 11(C)(2)(c); and
>
> 2) The trial court erred by failing to adequately advise appellant/defendant of his right to compulsory process and by failing to determine his understanding of his right to compulsory process.

ECF No. 13, Ex. 6 at 2.  On March 23, 2006, the Ohio Eighth District Court of Appeals affirmed the trial court's judgment.  ECF No. 13, Ex. 9.  The court of appeals found that the trial court

---

[4] Parks appeal is referred to as "delayed" because it was filed well after the 30-day time period designated for filing a direct appeal.  Ohio App. R. Rule 4(a).

(1:07CV3388)

complied with the requirements of Ohio Criminal Rule 11(C) in accepting Parks' waiver of

Constitutional rights at sentencing.  ECF No. 13, Ex. 9 at 9-10.

On May 15, 2006, Parks, acting *pro se*, filed a timely notice of appeal from the state

appellate court judgment.  ECF No. 13, Ex 10.  Parks asserted two propositions of law:

> Proposition of Law I: The trial court erred by failing to determine that appellant understood that he was waiving each and every constitutional right prior to accepting his plea, in violation of Ohio Criminal Rule 11(C)(2)(c) and the Fourteenth Amendment to the United States Constitution.

> Proposition of Law II: The trial court erred by failing to adequately advise appellant of his right to compulsory process and by failing to determine his understanding of his right to compulsory process under the United States Constitution.

ECF No. 13, Ex. 11 at 2.  On August 2, 2006, the Ohio Supreme Court denied leave to appeal

and dismissed the appeal as not involving any substantial constitutional question.  ECF No. 13,

Ex. 12.  Parks did not appeal this decision to the United States Supreme Court, the court of last

resort.

## C. **Post-conviction Petition**

Over one year after the Ohio Supreme Court denied him leave to appeal, on September 4,

2007, Parks, acting *pro se*, filed in the Cuyahoga County Court of Common Pleas a motion for

post-conviction relief.  ECF No. 13, Ex. 13.  Parks asserted that he had new evidence

demonstrating his plea was unknowingly and involuntarily made because of ineffective

assistance of counsel.  ECF No. 13, Ex. 13 at 1.  On October 9, 2007, the trial court filed its

decision denying Park's motion without an opinion.  ECF No. 13, Ex. 15.

(1:07CV3388)

Parks, on November 6, 2007, filed a timely notice of appeal and later asserted in his merit

brief one assignment of error:

> The trial court abused its discretion when failing to hold a [sic] evidentiary hearing
> on appellants [sic] motion for post-conviction relief after he showed a colorable
> showing of how his plea was involuntary [sic] entered due to receiving ineffective
> assistance of counsel in violation of his Sixth and Fourteenth Amendment rights
> under the United States Constitution.

ECF No. 13, Ex. 17 at 4.  On December 20, 2007, the State court of appeals dismissed Parks'

appeal pursuant to O.R.C. 2505.02 (an appellate court may review only the final orders of

inferior courts within its district; § 3(B)(2), Article IV, Ohio Constitution).  ECF No. 13, Ex. 20.

Because the trial court did not issue Findings of Facts and Conclusions of Law, the trial court's

denial of Parks' post-conviction petition was not a final order.  Thus, the State appellate court

could not address his appeal.  If an order is not final and appealable, the court lacks subject

matter jurisdiction to decide the appeal, *Noble v. Colwell*, 44 Ohio St.3d 92, 540 N.E.2d 1381,

1383 (Ohio 1989), and must dismiss it *sua sponte*.  *Whitaker-Merrell Co. v. Geupel Const. Co.*,

29 Ohio St.2d 184, 280 N.E.2d 922, 924 (Ohio 1972); In re *Murray*, 52 Ohio St.3d 155, 556

N.E.2d 1169, 1174 (Ohio 1990).  Parks did not file an appeal to the Ohio Supreme Court.

### E.  Federal Habeas Petition

Still proceeding *pro se*, Parks filed the present petition for federal habeas corpus relief on

October 31, 2007, asserting two grounds for relief; Parks added a third ground on May 19, 2008

(1:07CV3388)

by amendment:[5]

> Error One:  The trial court erred by failing to determine that petitioner understood that he was waiving each and every constitutional right prior to accepting his plea, in violation of Ohio Criminal Rule 11(C)(2)(c) and the Fourteenth Amendment to the United States Constitution.

> Error Two:  The trial court erred by failing to adequately advise petitioner of his right to compulsory process and by failing to determine his understanding of his right to compulsory process in violation of his Sixth and Fourteenth Amendment rights under the United States Constitution.

> Error III:  The trial court abused its discretion when failing to hold an evidentiary hearing on appellants [sic] motion for post-conviction relief after he showed a colorable showing of how his plea was involuntary [sic] entered due to receiving ineffective assistance of counsel in violation of his Sixth and Fourteenth Amendment rights under the United States Constitution.

ECF Nos. 1 at 17 & 7 at 2.

Respondent moved to dismiss the petition arguing that Grounds One and Two of Parks' Petition are time-barred and that Ground Three is non-cognizable.  ECF No. 13.  The Court, twice, ordered Parks to respond to Respondent's Motion to Dismiss.  ECF Nos. 14 & 20. Finally, on December 4, 2008, Parks filed a response *pro se*; he did not, however, address Respondent's argument that Grounds One and Two of his petition are time-barred, or that Ground Three is non-cognizable.  ECF No. 22.

 On November 5, 2008, Parks filed a second motion to amend his petition that is still pending.  ECF No. 19.  In this second motion to amend, Parks seeks permission of the Court to

---

 [5]  Park's first motion to amend his petition was granted by District Court Judge Boyko.  *See* ECF Nos. 7 & 8.

- 6 -

(1:07CV3388)

"withdraw [his] First Amendment, withdraw Ground Two in [his] petition, and move[s] that

Ground Two and Ground Three be added [as described therein]."  ECF No. 19 at 1-2.

Essentially, Parks seeks to, ultimately, replace the second and third grounds for relief with two

different grounds.  The new grounds that Parks would like to add were raised in his State post-

conviction petition and are procedurally defaulted and/or exhausted.  ECF No. 21 at 1 (*citing*

ECF No. 13, Ex. 13).

     Based upon the following analysis, the undersigned recommends the denial of the relief

sought in Parks' petition as once amended and the denial of his second  motion to amend his

Petition, as moot.  ECF No. 19.

### III.  Procedural Barriers to Review

**A.  Jurisdiction**

     Writs of habeas corpus may be granted by a district court within its respective

jurisdiction:

> Where an application for a writ of habeas corpus is made by a person in custody
> under the judgment and sentence of a State court of a State which contains two or
> more Federal judicial districts, the application may be filed in the district court for
> the district within which the State court was held which convicted and sentenced him
> and each of such district courts shall have concurrent jurisdiction to entertain the
> application.

28 U.S.C. § 2241(a) & (d).

     Parks was convicted in the Court of Common Pleas, Cuyahoga County, Ohio within the

Northern District of Ohio.  The Court, therefore, has jurisdiction over Parks' Petition.

- 7 -

(1:07CV3388)

### B.  Evidentiary Hearing

The habeas corpus statute authorizes an evidentiary hearing in limited circumstances

when the factual basis of a claim has not been adequately developed in state court proceedings.

28 U.S.C. § 2254(e)(2).

There is no need for an evidentiary hearing in the instant case.  Parks' claims involve

legal issues which can be resolved without additional factual inquiry.

### C.  Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) statute of

limitations for filing a petition for a writ of federal habeas corpus is one year, and it begins to run

on the date judgment became final.  28 U.S.C. § 2244(d)(1).

According to the analysis below, the Court finds that Parks' petition is time-barred, *i.e.*,

filed past the time permitted by statute or equitable tolling, necessitating the dismissal of the

Petition.

### D.  Exhaustion of State Remedies

As a general rule, a state prisoner must exhaust all available state remedies or have no

remaining state remedies available before a federal court will review a petition for a writ of

habeas corpus.  28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004);

*Riggins v. McMackin*, 935 F.2d 790, 793 (6th Cir. 1991).  If any state procedures for relief

remain available, then the petitioner has not exhausted all of his state remedies.  *Rust v. Zent*, 17

- 8 -

(1:07CV3388)

F3d 155, 160 (6th Cir. 1994).  The exhaustion requirement is properly satisfied when the highest

court in the state in which petitioner was convicted has been given a full and fair opportunity to

rule on all the petitioner's claims.  *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

For purposes of review in this federal habeas proceeding, Parks' grounds for relief are

exhausted.

### E.  Non-cognizability

State prisoners are entitled to federal habeas corpus relief only when they are in custody

due to violations of the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2254(a).

As such, claims for relief based on violations of state law are non-cognizable in a federal habeas

proceeding, *i.e.*, a federal court cannot review claims of state law violations presented in a

petition for habeas corpus relief.  *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

Rulings by the state's highest court on matters of state law are binding on federal courts.

*Wainwright v. Goode*, 464 U.S. 78, 84 (1983).  Further, a federal court may not second-guess a

state court's interpretation of its own procedural rules.  *Allen v. Morris*, 845 F.2d 610, 614 (6th

Cir. 1988).  Thus, even if a state court errs in applying its own procedural default statute, the

error is not cognizable in federal habeas review.  *Simpson v. Jones*, 238 F.3d 399, 406-07 (6th

Cir. 2000).

As explained in detail below, Ground Three of Parks' petition for habeas corpus relief is

non-cognizable in federal court.

(1:07CV3388)

### F.  Procedural Default

Procedural default occurs when a petitioner fails to present his constitutional claims fairly to the highest state court in a federal constitutional context.  *Anderson*, 459 U.S. 4 (1982); *Picard*, 404 U.S. 270 (1971).  Reasons of federalism and comity generally bar federal habeas corpus review of "contentions of federal law . . . not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure." *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  When a petitioner

> has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v Thompson*, 501 U.S. 722, 750 (1991).

For purposes of review in this federal habeas proceeding, Parks' grounds for relief are not procedurally defaulted.

### IV.  Standard of Review

If a petitioner's claims overcome the procedural barriers of time limitation, exhaustion, cognizability, and procedural default, then AEDPA governs the Court's review of a habeas corpus petition.  The Antiterrorism and Effective Death Penalty Act of 1996 altered the standard of review that a federal court must apply when deciding whether to grant a writ of habeas corpus. As amended, 28 U.S.C. § 2254(d) provides:

- 10 -

(1:07CV3388)

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under the current deferential standard of review, a writ of habeas corpus may issue only if the state court's decision is contrary to, or involved an unreasonable application of, clearly established federal law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence. *Carey v. Musladin*, 549 U.S. 70, 74 (2006); *Williams v. Taylor*, 529 U.S. 362, 379-413 (2000). Law is "clearly established" only by holdings of the Supreme Court, not its dicta, and the law must be clearly established at the time of the petitioner's conviction. *Carey*, 549 U.S. at 74.

Courts must give independent meaning to the phrases "contrary to" and "unreasonable application of" in § 2254(d)(1):

> Section 2254(d)(1) defines two categories of cases in which a state prisoner may obtain federal habeas relief with respect to a claim adjudicated on the merits in state court. Under the statute, a federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) "*contrary to* . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "*involved an unreasonable application of* . . . clearly established Federal law, as determined by the Supreme Court of the United States."

*Williams*, 529 U.S. at 404-05 (emphasis added by the quoting court). A decision is "contrary to" clearly established federal law if it reaches a conclusion opposite to that reached by Supreme

- 11 -

(1:07CV3388)

Court holdings on a similar question of law or if it faces a set of facts materially indistinguishable from relevant Supreme Court precedent and still arrives at an opposite result.  *Id.* at 405-06.  A decision involves an unreasonable application of federal law only if the deciding court correctly identifies the legal principle at issue and unreasonably applies it to the facts of the case at hand.  *Doan v. Brigano*, 237 F.3d 722, 729-31 (6th Cir. 2001).  If a court fails to identify the correct legal principal at issue, the "unreasonable application of" clause does not apply.  *Id.* at 730.

"[A] determination of a factual issue made by a State court shall be presumed to be correct."  28 U.S.C. § 2254(e)(1).  The petitioner, however, may rebut "the presumption of correctness by clear and convincing evidence."  *Id.*

Because Parks' grounds for relief do not overcome the procedural barriers of time limitation and cognizability, this Court will not conduct a review of the merits of Parks' petition.

## V.  **Analysis**

### A.  **Parks' Petition is Time-barred**

#### 1.  **Statutory Tolling**

28 U.S.C. § 2244(d) ("Finality of determination") provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of-

> (A) the date on which the judgment became final by conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is

- 12 -

(1:07CV3388)

removed, if the applicant was prevented from filing by state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In his motion to dismiss, Respondent relied upon § 2244(d)(1)(A) to render Parks' habeas petition time-barred.  ECF No. 13 at 5.  Respondent calculated that Parks' limitations period began to run the day after the 30-day time period expired for filing a timely direct appeal, *i.e.*, September 10, 2004.  ECF No. 13 at 6.  Parks contends the limitations period commenced substantially later – ninety days after the Ohio Supreme Court's decision denying review of his delayed appeal, *i.e.*, October 31, 2006**.**  ECF No. 1 at 13.  For the reasons discussed below, Parks' contention is incorrect.

As applied to Parks, Title 28 U.S.C. § 2244(d)(1)(A) controls the one-year limitations period analysis.  Ohio rules permit thirty days to file a direct appeal.  Ohio App. R. Rule 4(a).  Parks filed his direct appeal nearly nine months after his conviction.[6]  Given that Parks did not file a timely direct appeal of his sentence, the limitations period began on September 10, 2004,

---

[6]  The Clerk of Courts journalized Parks' sentence on August 10, 2004.  ECF No. 13, Exs. 2, 3 at 9.  Parks did not file a direct appeal until April 27, 2005.  ECF. No. 13, Exs. 3, 4.

- 13 -

(1:07CV3388)

one day after the 30 day period ended in which to file his direct appeal. As a result, the limitations period had already run for 229 days before Parks filed his notice and motion for delayed appeal on April 27, 2005. ECF. No. 13, Exs. 3, 4. The filing of the delayed appeal, did nonetheless, toll or stop the running of the one-year limitations period. Because Parks timely filed an appeal of the appellate court decision to the Ohio Supreme Court, the statute of limitations period continued to be tolled until August 2, 2006, the date the Ohio Supreme Court dismissed the appeal. ECF No. 13, Ex. 13.

The limitations period started running again on August 3, 2006, the day after the Ohio Supreme Court dismissed the appeal. It is important to note that the filing of a motion for delayed appeal does not cause the AEDPA's statute of limitations to begin to run anew; it only tolls the running of the statute for the time the motion is pending.[7] *DiCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006) ; *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). Additionally, the statute is not tolled during the ninety days after a state supreme court's decision during which time a defendant could have petitioned the United States Supreme Court for review. *Lawrence v. Florida*, 549 U.S. 327, 127 S. Ct. 1079, 1083 (2007).

Given that 229 days of the limitations period had already expired from September 10,

---

[7] The United States Supreme Court's recent ruling in *Jimenez v. Quarterman*, 129 S.Ct. 681 (2009), is not applicable to Parks' statute of limitations calculation. The state court did not grant Parks the right to file his delayed appeal "during state collateral review." *Jimenez*, 129 S.Ct. at 686. Thus, Parks' judgment became final on September 10, 2004, thirty days after he was sentenced, for purposes of § 2244(d)(1)(A).

- 14 -

(1:07CV3388)

2004 to April 27, 2005, only 136 days of the one-year limitations period remained when the Ohio Supreme Court dismissed the appeal, on August 2, 2006.  Therefore, Parks' one-year limitations period ended 136 days later, on Saturday, December 16, 2006, which by virtue of ending on the weekend was extended to Monday, December 18, 2006.  Consequently, Parks filed his Petition for habeas corpus relief on October 23, 2007 — more than ten months late.

Parks' State petition for post-conviction relief filed on September 4, 2007, did not toll the statute of limitations because Parks filed it after December 18, 2006.  Once the limitations period has expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar.  *See* *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").  "Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period."  *Id.*

Although Respondent does not argue that Parks should not benefit from some later limitations starting period pursuant to 28 U.S.C. § 2244(d)(1)(D), Parks circuitously asserts a claim for a later start date.  In his May 15, 2008 Motion to Amend, Parks stated that he "was unavoidably prevented from discovering the proof" that supports Ground Three of his Petition. ECF No. 7 at 7 (emphasis in original).  Section 2244(d)(1)(D) provides a habeas petitioner a later start date for the limitations period if the petitioner was unable, through the exercise of due diligence, to discover the factual predicate of his claim.  Parks, however, cannot benefit from

- 15 -

(1:07CV3388)

§ 2244(d)(1)(D) because in the remainder of the sentence quoted above,[8] Parks implies that he

knew the factual predicate of his claim and that the witnesses were available to testify in support

of this fact *before* trial, but they only "became unavailable after trial." ECF No. 7 at 7.  These

statements belie Parks' claim of newly discovered "proof" or evidence and, therefore, do not

satisfy the requirements of § 2244(d)(1)(D).

Based upon the above analysis, the Court finds that Parks' petition is statutorily time-

barred.

## 2.  **Equitable Tolling**

Parks has not argued that he is entitled to equitable tolling.  *See Griffin v. Rogers*, 308

F.3d 647, 653 (6th Cir. 2002); *McClendon v. Sherman*, 329 F.3d 490, 492 (6th Cir. 2003);

*Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005).  Since Parks has not raised this doctrine to

defend his untimely habeas petition, equitable tolling could be deemed waived.  *See Scott v.

Collins*, 286 F.3d 923, 927 (6th Cir. 2002).  Nevertheless, even assuming Parks had raised this

issue, it fails to justify his tardy petition.

"[T]he doctrine of equitable tolling allows federal courts to toll a statute of limitations

when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from

circumstances beyond that litigant's control.'"  *Keenan*, 400 F.3d at 421 (*quoting Graham-*

---

[8]  In his first motion to amend his petition, Parks wrote "Appellant was unavoidably
prevented from discovering the proof in [sic] which he now relies upon to support his
petition because the eyewitnesses who were available before his trial, became unavailable
after his trial." ECF No. 7 at 7 (emphasis original).

- 16 -

(1:07CV3388)

*Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F3d. 552, 560-61 (6th Cir. 2000)).  The Supreme Court has stated that a petitioner "seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  Parks has not shown evidence of the second element of *Pace*.

In addition to satisfying the elements established in *Pace*, the Sixth Circuit in *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001), set forth the following factors to consider and balance in determining if equitable tolling is appropriate: (1) "the petitioner's lack of notice of the filing requirement;" (2) "the petitioner's lack of constructive knowledge of the filing requirement;" (3) "diligence in pursuing one's rights;" (4) "absence of prejudice to the respondent;" and (5) "the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim."  *Id.* at 1008-09.  Parks has not shown that he was unaware of the limitation period rules set forth in § 2244(d); that any ignorance of the legal requirement to file his claim was reasonable; or that he lacked notice of the one-year limitation period in which to file his habeas petition.  *See Dixon v. Ohio*, 81 Fed. Appx. 851, 853 (6th Cir. 2003) (petitioner's lack of counsel and one month placement in solitary confinement did not excuse lack of diligence in pursuing his claims); *Cobas v. Burgess*, 306 F.3d. 441, 444 (6th Cir. 2002) (inmate's lack of legal training, poor education and even illiteracy does not provide reason to toll the statute of limitations).  Additionally, Parks' *pro se* status due to lack of legal representation

(1:07CV3388)

does not excuse his untimely Petition.

A credible claim of actual innocence may equitably toll the § 2244(d) limitation period. *Souter v. Jones*, 395 F.3d 577, 589-90 (6th Cir. 2005). Parks' grounds for relief did not, however, assert, much less demonstrate, actual innocence. "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Parks did not present any new reliable evidence of innocence that had not been presented to the trial court. Rather, he asserted in his merit brief for his appeal of the denial of his post-conviction petition that because his counsel failed to "investigate" eye witnesses who would have testified to the existence of mitigating factors, he would have not pleaded guilty to murder and instead, insisted upon a trial wherein he could have been found (presumably, at worst case) guilty of voluntary manslaughter. ECF No. 13, Ex. 17 at 14. This assertion does not nullify the factual basis that supported Parks' guilty plea and conviction nor does it even approach the outer realm of actual innocence. Parks merely asserted the possibility that he could have been found guilty of a lesser crime. Thus, none of Parks' arguments have met the standard set forth in *Souter*/*Schlup* to prove actual innocence.

Based upon the above analysis, equitable tolling does not cure Parks' untimely filing.

- 18 -

(1:07CV3388)

B. **Ground Three is Non-cognizable**

A federal court reviewing a petition for habeas corpus is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991). "A federal court may not issue the writ [of habeas corpus] on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984). However, if the error is so egregious as to amount to a denial of fundamental fairness or of other federal rights, the federal court may grant the habeas petition. *See id.*

In *Kirby v. Dutton*, 794 F.2d 245 (6th Cir. 1986), the Sixth Circuit began with the premise that, pursuant to 28 U.S.C. § 2254, habeas corpus is only available to challenge the constitutionality of a petitioner's detention. *See Kirby*, 794 F.2d at 246. Building upon that premise, the Sixth Circuit reasoned that claims of constitutional deprivations occurring during the state post-conviction proceedings were not cognizable under § 2254 because such claims address collateral matters and not the underlying state conviction giving rise to the petitioner's incarceration. *See id.* at 247; *see also Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999) (and cases cited therein). In his Motion to Amend, Parks relies solely upon the trial court's refusal to hold an evidentiary hearing to support the claim asserted in Ground Three that he was denied due process during the state post-conviction proceedings . ECF No. 7. In Ohio, "courts are not required to hold a hearing in all postconviction cases." *State ex re. Sherrills v. Cuyahoga County Ct. Com. Pl.*, 72 Ohio St.3d 461, 650 N.E.2d 899, 900 (Ohio 1995). Therefore, Ground Three is

- 19 -

(1:07CV3388)

non-cognizable in this federal habeas proceeding, *i.e.*, the Court cannot review Ground Three of

Parks' Petition for habeas corpus relief.

As discussed below, the Court also finds that the trial court's refusal to hold an

evidentiary hearing does not amount to a denial of fundamental fairness or of other federal rights

because the underlying assertions of Ground Three are plainly without merit.  *See Pulley*, 465

*U.S. at 41*.

Parks claimed that he received ineffective assistance because his trial counsel failed to

investigate certain eyewitnesses that caused his involuntary guilty plea.  ECF No. 7 at 3.  Parks

also claimed this eyewitness testimony amounts to newly discovered evidence.  ECF No. 7 at 3.

As to the newly discovered evidence claim, the Court addressed that issue above and found the

"evidence" is not newly discovered.

To establish ineffective assistance of counsel, it must be shown that counsel's

performance was deficient and that the deficient performance prejudiced the defense so as to

render the trial unfair and the result unreliable.  *Strickland v. Washington*, 466 U.S. 668, 687

*(1984)*; *Bigelow v. Williams*, 367 F.3d 562, 570 (6th Cir. 2004); *Mallett v. United States*, 334

*F.3d 491, 497 (6th Cir. 2003)*.  Both prongs of the test must be met, but courts are not required to

conduct an analysis under both; thus, the court need not address the question of competence if it

is easier to dispose of the claim due to the lack of prejudice.  *Strickland*, 466 U.S. at 697; *Baze v.*

*Parker*, 371 F.3d 310, 321 (6th Cir. 2004); *Mallett*, 334 F.3d at 497.

- 20 -

(1:07CV3388)

The reviewing court's scrutiny of counsel's performance is highly deferential, *Strickland*, 466 U.S. at 689; indeed, "the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690; *accord Bigelow*, 367 F.3d at 570; *Mallett*, 334 F.3d at 497; *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). The court must also not indulge in hindsight, but must evaluate the reasonableness of counsel's performance within the context of the circumstances at the time of the alleged errors. *Strickland*, 466 U.S. at 690; *Cobb v. Perini*, 832 F.2d 342, 347 (6th Cir. 1987). Indeed, trial counsel's tactical decisions are particularly difficult to attack, *O'Hara*, 24 F.3d at 828, and a defendant's challenge to such decisions must overcome a presumption that the challenged action might be considered sound trial strategy. *Darden v. Wainwright*, 477 U.S. 168, 185-87 (1986); *Bigelow*, 367 F.3d at 570; *Bugh v. Mitchell*, 329 F.3d 496, 513 (6th Cir. 2003).

The Court must also ensure that counsel acted reasonably under all the circumstances. *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000) ("The relevant question is not whether counsel's choices were strategic, but whether they were reasonable."); *Sims v. Livesay*, 970 F.2d 1575, 1580 (6th Cir. 1992) (counsel still has "'a duty to make reasonable investigations or *to make a reasonable decision that makes particular investigations unnecessary*,'" quoting *Strickland*, 466 U.S. at 691 (emphasis added in *Sims*)); *accord Wiggins v. Smith*, 539 U.S. 510, 533-35 (2003) (counsel were not in a position to make a reasonable strategic choice regarding mitigation

- 21 -

(1:07CV3388)

evidence at capital sentencing, where the investigation supporting their choice was

unreasonable). In the guilty-plea context, as in Parks' case, the Supreme Court employs the same

two-part standard for ineffectiveness that was developed in *Strickland*. *See Hill v. Lockhart*, 474

U.S. 52, 58 (1985).

      In the instant case, Parks' trial counsel knew of potential mitigating circumstances, but

chose not to pursue that strategy. ECF No. 13, Ex. 20 at 17-19. Parks' counsel stated at

sentencing that he had considered pursuing a claim of self-defense but that the victim never

produced a gun. ECF No. 13, Ex. 20 at 18. Because the State charged Parks with aggravated

murder, Parks' trial counsel is presumed to have been aware of the severe sentencing

consequences of losing on the claim of self-defense while his client faced a charge of aggravated

murder. Parks' trial counsel's ability to negotiate a lesser charge of murder in lieu of proceeding

to trial on aggravated murder and asserting self-defense when the victim did not possess a gun,

was a sound trial strategy while the "new evidence" Parks presently relies upon might only have

been viewed as mitigating evidence, at best.

      Where, as in this case, "one is left with pure speculation on whether the outcome of the

trial or the penalty phase could have been any different," there is an insufficient showing of

prejudice. *Baze*, 371 F.3d at 322. To satisfy the prejudice prong of the *Strickland* test, "[t]he

defendant must show that there is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different. A reasonable probability is a

(1:07CV3388)

probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694;

*accord Nix v. Whiteside*, 475 U.S. 157, 175 (1986); *Mallett*, 334 F.3d at 497. In the instant case,

the Court does not find that Parks' trial counsel committed "unprofessional errors" that would

satisfy the prejudice prong of *Strickland*.

The underlying circumstances of Ground Three are without merit and thus, the State

court's refusal to hold an evidentiary hearing does amount to a denial of fundamental fairness or

of other federal rights.

## VI.  Conclusion and Recommendation

Based upon the foregoing analysis, the undersigned Magistrate Judge finds that Grounds

One and Two of Parks' Petition are statutorily time-barred and that equitable tolling does not

apply. The undersigned also finds that Ground Three is non-cognizable.

Accordingly, the undersigned recommends granting Respondent's Motion to Dismiss,

ECF No. 13, and dismissing the Petition of Eddie Parks, Jr. for a writ of habeas corpus in its

entirety without further proceedings, given that Grounds One and Two are statutorily time-barred

pursuant to 28 U. S. C. § 2244(d) and Ground Three is non-cognizable.

(1:07CV3388)

The undersigned also recommends denying as moot Parks' [Second] Motion to Amend

his Petition, ECF No. 19.


<u>    July 16, 2009    </u>                             <u>    s/ *Benita Y. Pearson*    </u>
Date                                          United States Magistrate Judge



### Objections

Objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981);  *see also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

- 24 -