UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **EDDIE PARKS, JR.,** | **CASE NO.1:07CV3388** |
| Petitioner, | **JUDGE CHRISTOPHER A. BOYKO** |
| Vs. | |
| **STUART HUDSON,** | **OPINION AND ORDER** |
| Respondent. | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Benita Y. Pearson, recommending the Petition of Eddie Parks, Jr. for Writ of Habeas Corpus be denied. For the following reasons, the Court ADOPTS the Magistrate Judge's Report and Recommendation and DENIES Parks' Petition for Writ of Habeas Corpus.

**I. BACKGROUND**

**A. Underlying Offenses, Plea, and Sentencing**

On August 4, 2004, Petitioner pled guilty to murder with a three-year firearm specification in violation of Ohio Revised Code Section 2923.02(B). (ECF No. 13, Ex. 20 at

3-4.)  During the same proceedings, the Cuyahoga County Common Pleas Court sentenced Parks to fifteen years to life incarceration, plus an additional three-year sentence on the gun specification, for a total sentence of eighteen years to life.  (ECF No. 13, Ex. 20 at 5.)

**B.  Delayed Appeal**

On April 27, 2005, Petitioner filed a Motion for Delayed Appeal, which was granted by the Ohio Eighth District Court of Appeals.  Petitioner raised two assignments of error: (1) the trial court failed to determine whether Petitioner understood "each and every" constitutional right prior to pleading guilty; and (2) the trial court failed to adequately advise Petitioner and determine his understanding of his right to compulsory process.  On March 23, 2006, the court of appeals affirmed the trial court's judgment, finding Petitioner waived his constitutional rights in compliance with Ohio Criminal Rule 11(C).

On May 15, 2006, Petitioner, acting pro se, filed a Notice of Appeal with the Ohio Supreme Court.  (ECF No. 13, Ex. 11.)  On August 2, 2006, the Ohio Supreme Court dismissed the appeal as not involving any substantial constitutional questions.  (ECF No. 13, Ex. 12.)  Petitioner did not appeal the decision to the United States Supreme Court.

**C.  Post-Conviction Petition**

On September 4, 2007, more than a year after the Ohio Supreme Court denied leave to appeal, Petitioner filed a pro se Motion for Post-Conviction Relief in the Cuyahoga County Common Pleas Court.  Petitioner argued his guilty plea was involuntary due to ineffective assistance of counsel.  On October 9, 2007, the trial court denied Petitioner's Motion.

Petitioner filed a timely Notice of Appeal on November 6, 2007, asserting the following assignment of error:

2

> The trial court abused its discretion when failing to hold a [sic] evidentiary hearing on appellants [sic] motion for post-conviction relief after he showed a colorable showing of how his plea was involuntary [sic] entered due to receiving ineffective assistance of counsel in violation of his Sixth and Fourteenth Amendment rights under the United States Constitution.

(ECF No. 13, Ex. 17 at 4.)  On December 20, 2007, the court of appeals dismissed Parks' appeal, finding the trial court's denial of post-conviction relief was not a final order under O.R.C. 2505.02.  Parks did not appeal to the Ohio Supreme Court.

**D.  Instant Federal Habeas Petition**

Petitioner, acting pro se, filed the instant Petition for Writ of Habeas Corpus on October 31, 2007, asserting two grounds for relief:

> Error One: The trial court erred by failing to determine that petitioner understood that he was waiving each and every constitutional right prior to accepting his plea, in violation of Ohio Criminal Rule 11(C)(2)(c) and the Fourteenth Amendment to the United States Constitution.
>
> Error Two: The trial court erred by failing to adequately advise petitioner of his right to compulsory process and by failing to determine his understanding of his right to compulsory process in violation of his Sixth and Fourteenth Amendment rights under the United States Constitution.

(ECF No. 1 at 17.)  Petitioner added a third ground on May 19, 2008 by amendment:

> Error III: The trial court abused its discretion when failing to hold an evidentiary hearing on appellants [sic] motion for post-conviction relief after he showed a colorable showing of how his plea was involuntarly [sic] entered due to receiving ineffective assistance of counsel in violation of his Sixth and Fourteenth Amendment rights under the United States Constitution.

(ECF No. 7 at 2.)

Respondent, Stuart Hudson, filed a Motion to Dismiss on September 19, 2008, arguing Grounds One and Two are time-barred and Ground Three is not cognizable.  (ECF No. 13.)  The Court twice ordered Petitioner to respond.  (ECF Nos. 14, 20.)  On December 4, 2008,

Petitioner filed a pro se Motion in Opposition that failed to address Respondent's arguments, but instead addressed ineffective assistance of counsel.  (ECF No. 22.)

On November 5, 2008, Petitioner filed a second Motion to Amend.  (ECF No. 19.) Petitioner seeks to withdraw Ground One and replace Ground Two and Three with two different grounds.  (ECF No. 19.)  Petitioner's proposed new grounds were already raised in his Motion for Post-Conviction Relief and are procedurally defaulted.  (ECF No. 13, Ex. 13.)

The Magistrate Judge recommends denying the relief sought in Parks' Petition as once amended and denying Petitioner's second Motion to Amend as moot.

## II. STANDARD OF REVIEW

Under Federal Rule 72(b) and 28 U.S.C. § 636(b)(1)(C), the district court is required to review *de novo* any portion of the Magistrate Judge's Report to which a specific objection was made.  A party who fails to file an objection waives the right to appeal.  *U.S. v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).  When a petitioner is in custody pursuant to a state court judgment, a writ of habeas corpus may issue only if the state court's decision is "contrary to, or involved an unreasonable application of, clearly established federal law . . . or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence."  28 U.S.C. § 2254(d).  A federal court may not issue the writ on the basis of a perceived error in state law, unless the error is so egregious as to amount to a denial of fundamental fairness.  *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

## III. ANALYSIS

A.  Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides:

4

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> . . . .
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). The Clerk of Courts journalized Petitioner's sentence on August 10, 2004. (ECF No. 13, Ex. 2.)  Petitioner's thirty-day window to file a direct appeal closed on September 9, 2004.  OHIO APP. R. 4(a).  The one-year limitations period began the next day, September 10, 2004, as a result of Petitioner's failure to file a timely direct appeal.

When Petitioner filed a Motion for Delayed Appeal on April 27, 2005, his limitations period was tolled at 229 days under Section 2244(d)(2).  (ECF No. 13, Ex. 3.)  Petitioner's delayed appeal and timely appeal of the appellate court decision tolled the limitations period until August 2, 2006, the date the Ohio Supreme Court dismissed the appeal.  (ECF No. 13, Ex. 13.)  A delayed appeal does not restart the statute of limitations, but merely tolls the statute while the appeal is pending. *DiCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006).  Additionally, the statute is not tolled during the ninety days following the Ohio Supreme Court's decision during which Petitioner could petition the United States Supreme Court for review.  *Lawrence v. Florida*, 549 U.S. 327, 332 (2007).

On August 3, 2006, the remaining 136 days of Petitioner's one-year limitations period began

to run. Petitioner's Application for Post-Conviction Relief, filed on September 4, 2007, did not toll the statute of limitations because there was no time remaining to be tolled. The statute of limitations ended on December 18, 2006.[1] On October 31, 2007, Parks filed a Petition for Writ of Habeas Corpus, more than ten months late. (ECF No. 1.) The Magistrate Judge concluded that Grounds One and Two of the Petition are time-barred under Section 2244(d)(1)(A).

Petitioner argues his limitations period should begin on the date he discovered certain witnesses. (ECF No. 26 at 4.) Section 2244(d)(1)(D) allows the statute to commence on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Petitioner contends: "Even though these witnesses may have been available before trial, they clearly were not available *at* trial; otherwise, Mr. Parks would have had a jury trial . . . . [The] witnesses became available after the trial, and thus are newly discovered 'proof' or evidence . . . " (ECF No. 26 at 4.)

The Magistrate Judge determined that Petitioner did not satisfy the requirements of Section 2244(d)(1)(D):

> Parks implies that he knew the factual predicate of his claim and that the witnesses were available to testify in support of this fact *before* trial, but they only became unavailable after trial . . . . These statements belie Parks' claim of newly discovered 'proof' or evidence and, therefore, do not satisfy the requirements of § 2244(d)(1)(D).

(ECF No. 24 at 16.) The Magistrate Judge found Ground One and Two of the Petition time barred under both the one-year limitations period of Section 2244(d)(1)(A) and the "due diligence" provision of Section 2244(d)(1)(D).

---

[1] By virtue of ending on Saturday, December 16, 2006, Petitioner's one-year statute of limitations was extended to Monday, December 18, 2006.

The Court finds the Magistrate Judge's Report accurately and thoroughly addresses Petitioner's objections regarding the timeliness of the Petition. Petitioner did not object to the Magistrate Judge's analysis finding the Petition time-barred under the one-year statute of limitations of Section 2244(d)(1)(A). Furthermore, the Court accepts the Magistrate Judge's determination that Petitioner fails to satisfy the requirements of Section 2244(d)(1)(D). The "eye-witnesses" do not constitute newly discovered evidence because these witnesses were available before trial. Petitioner did not discover new evidence that would warrant delaying the limitations period. As a result, Grounds One and Two are untimely.

**B.  Equitable Tolling**

Petitioner states: "Mr. Parks did not originally argue that he was entitled to equitable tolling, however, due to the fact that the habeas petition was filed pro se it is equitable, fair, and just for Mr. Parks to be able to state a claim for equitable tolling." (ECF No. 26 at 5.)  After noting Petitioner arguably waived the issue, the Magistrate Judge concluded Petitioner is not entitled to equitable tolling.

"[T]he doctrine of equitable tolling allows federal courts to toll a statute of limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005). Petitioner has the burden of establishing: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstances stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The Sixth Circuit provided the following factors to consider to determine whether equitable tolling is appropriate: (1) the petitioner's lack of notice; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and

(5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001).

Furthermore, a credible claim of actual innocence may equitably toll the Section 2244(d) limitations period. *Souter v. Jones*, 395 F.3d 577, 589-90 (6th Cir. 2005). Actual innocence means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). The Supreme Court has emphasized: "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

The Magistrate Judge found no evidence of extraordinary circumstances preventing Petitioner from complying with the statute of limitations. (ECF No. 24 at 17.) The Magistrate Judge's Report states: "Parks has not shown that he was unaware of the limitation period rules set forth in § 2244(d); that any ignorance of the legal requirement to file his claim was reasonable; or that he lacked notice of the one-year limitation period in which to file his habeas petition." (ECF No. 24 at 17.)

Furthermore, the Magistrate Judge concluded that Petitioner has not demonstrated, or even asserted, actual innocence. (ECF No. 24 at 18.) Petitioner argues the murder charge "would not have held up in court" had unavailable witnesses testified to the existence of certain mitigating factors. (ECF No. 26 at 5.) According to the Magistrate Judge: "This assertion does not nullify the factual basis that supported Parks' guilty plea and conviction nor does it even approach the outer realm of actual innocence. Parks merely asserted the possibility that he could have been found guilty of a lesser crime." (ECF No. 24 at 18). The Magistrate Judge concluded that Petitioner's untimely filing could not be equitably tolled.

The Court agrees that Petitioner is not entitled to equitable tolling. The Magistrate Judge's Report accurately addresses Petitioner's arguments. Counsel's decision not to pursue certain witnesses does not amount to an "extraordinary circumstance" preventing Petitioner from filing a timely Petition. Rather than providing evidence of actual innocence, Petitioner contends the "elements of murder would not have been met" if certain witnesses testified. (ECF No. 26 at 5.) Such speculation about legal sufficiency is not grounds for equitable tolling. *Bousley*, 523 U.S. at 623. The Court agrees that the untimely filing of Grounds One and Two is not cured by equitable tolling.

## C. Cognizability of Ground Three

In Ground Three, Petitioner contends he was denied due process when the state trial court refused to hold a post-conviction evidentiary hearing examining ineffective assistance of counsel. (ECF No. 7 at 2.) A reviewing court is limited to deciding whether a conviction violates the Constitution, laws, or treaties of the United States. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). The writ of habeas corpus "is not the proper means by which prisoners should challenge errors or deficiencies in state post-conviction proceedings . . . because the claims address collateral matters and not the underlying state conviction giving rise to the prisoner's incarceration." *Kirby v. Dutton*, 794 F.2d 245, 247 (6th Cir. 1986). A federal court may not issue a writ on the basis of a perceived error in state law. *Pulley v. Harris*, 465 U.S. 37, 41 (1984). However, a federal court may grant a habeas petition where the error of state law is so egregious as to amount to a denial of due process and fundamental fairness. *Id.*

The Magistrate Judge stated: "Parks relies solely upon the trial court's refusal to hold an evidentiary hearing to support the claim asserted in Ground Three that he was denied due process

9

during the state post-conviction proceedings." (ECF No. 24 at 19.) Under Ohio law, "courts are not required to hold a hearing in all post-conviction cases." *State ex rel. Sherrills v. Common Pleas*, 72 Ohio St. 3d 461, 463 (1995). The Magistrate Judge concluded that Ground Three is not cognizable in a federal habeas proceeding.

Petitioner contends the refusal to hold a post-conviction hearing amounts to a denial of fundamental fairness and due process. (ECF No. 26 at 6.) Petitioner states: "Ohio law provides that a defendant is entitled to a hearing in post-conviction actions when his petition . . . has substantial grounds for relief." (ECF No. 26 at 6.) Petitioner argues he was entitled to a post-conviction hearing to examine ineffective assistance: "[Petitioner's] trial counsel failed to investigate certain eyewitnesses that caused his involuntary guilty plea." (ECF No. 26 at 6.)

In order to constitute ineffective assistance, counsel's performance must be deficient and the deficient performance must prejudice the defense rendering the trial unfair and the result unreliable. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Bigelow v. Williams*, 367 F.3d 562, 570 (6th Cir. 2004). A reviewing court "should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. However, counsel still has "a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Id.* at 691. There is an insufficient showing of prejudice where "one is left with pure speculation on whether the outcome of the trial or the penalty phase could have been any different." *Baze v. Parker*, 371 F.3d 310, 322 (6th Cir. 2004). In order to meet the prejudice prong of the *Strickland* test, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Here, Petitioner opted to plead guilty to murder rather than pursue self-defense at trial for aggravated murder.  During sentencing proceedings, Petitioner's trial counsel stated: "[A]s the court is aware, we were going to pursue a [sic] self-defense in this case, but the [victim] never did produce a gun."  (ECF No. 13, Ex. 20 at 18.)

The Magistrate Judge determined that the trial counsel's failure to pursue self-defense did not amount to ineffective assistance: "Parks' trial counsel is presumed to have been aware of the severe sentencing consequences of losing on the claim of self-defense while his client faced a charge of aggravated murder . . . . Parks' trial counsel [did not commit] 'unprofessional errors' that would satisfy the prejudice requirement of *Strickland*."  (ECF No. 24 at 22-23.)  The Magistrate Judge concluded that "the underlying circumstances of Ground Three are without merit and thus, the State [sic] court's refusal to hold an evidentiary hearing does not amount to a denial of fundamental fairness or other federal rights."  (ECF No. 24 at 23.)

The Court agrees that Ground Three is not cognizable.  State post-conviction proceedings are unrelated to detention and are beyond the scope of federal habeas review.  *Kirby*, 794 F.2d at 247.  While the Court may grant habeas relief where the error is egregious, the Court agrees that such relief is inappropriate here.  The trial counsel exercised sound trial strategy by negotiating a lesser charge of murder, rather than risking an aggravated murder conviction.  The trial court's refusal to hold an evidentiary hearing on ineffective assistance of counsel did not amount to a denial of fundamental fairness or due process.  Therefore, Ground Three is not cognizable in a federal habeas proceeding.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that Grounds One and Two of Parks' Petition are time-barred and that equitable tolling does not apply.  The Court also finds that Ground Three is not

cognizable.  The Court ADOPTS and ACCEPTS the Magistrate Judge's well-reasoned Report and Recommendation.  Petitioner's Application under 28 U.S.C. § 2254 for Writ of Habeas Corpus is dismissed.  (ECF No. 1.)  Petitioner's second Motion to Amend is denied as moot.  (ECF No. 19.)

The Court finds an appeal from this decision could not be taken in good faith.  28 U.S.C. § 1915(a)(3).  Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody.  Therefore, the Court declines to issue a certificate of appealability.  28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b).

        IT IS SO ORDERED.

      S/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

September 18, 2009